NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NAM BA NGUYEN, | No. 17-17045 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00963-MCE-EFB |
| v. | |
| NATHANIAL ELAM, Chief Executive Officer, Clinical Services, California Medical Facility; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted September 12, 2018[**]

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Former California state prisoner Nam Ba Nguyen appeals pro se from the

district court's summary judgment and dismissal order in his 42 U.S.C. § 1983

action alleging deliberate indifference to his serious medical needs.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm in part, reverse in part, and remand.

The district court properly dismissed Nguyen's claims against defendant Elam because Nguyen failed to allege facts sufficient show that Elam was personally involved in causing his injury, was aware that any training program was inadequate, or that a pattern of similar incidents existed. *See Connick v. Thompson*, 563 U.S. 51, 60-62 (2011) (noting that actual or constructive notice that a training program is inadequate and a pattern of similar constitutional violations are usually necessary to demonstrate deliberate indifference for purposes of failure to train); *Maxwell v. County of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013) ("A supervisor is liable under § 1983 for a subordinate's constitutional violations if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." (citation and internal quotation marks omitted)).

To the extent Nguyen challenges the processing of his grievances regarding his medical needs, the district court properly dismissed such claims because "inmates lack a separate constitutional entitlement to a specific . . . grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

The district court properly granted summary judgment on Nguyen's deliberate indifference claims against defendants Osman and Champen on all claims except Nguyen's claim regarding defendants' failure to treat his inability to

2

chew solid food, because Nguyen failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in the treatment of Nguyen's injuries. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; a difference of opinion concerning the course of treatment, medical malpractice, and negligence in diagnosing or treating a medical condition do not amount to deliberate indifference).

However, summary judgment was improper on Nguyen's deliberate indifference claims regarding defendants Osman's and Champen's failure to treat his inability to chew solid food, because there is a genuine dispute of material fact as to whether Nguyen informed Osman and Champen about his inability to chew solid food. The record is undisputed that Nguyen lost at least fifteen pounds of weight over a ten-week period. Because Nguyen has raised a genuine dispute of material fact as to whether Osman and Champen consciously disregarded an excessive risk to Nguyen's health, we reverse the judgment in part and remand for proceedings on these claims only.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

17-17045